EXHIBIT A

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>Todd Eisner as the Personal Representative of the Estate of Sandra Ellen Eisner, and on behalf of the Wrongful Death Beneficiaries,<br><br>     Plaintiff,<br> vs.<br><br>Charleston County; Charleston County Sheriff's Office; Kristin Graziano, in her official capacity as the Sheriff of Charleston County; and Alan Michael Kendall,<br><br>     Defendants. | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT<br><br> CASE NO: 2022-CP-10-_____<br><br><br><br>**SUMMONS** |

TO THE DEFENDANTS ABOVE NAMED:

 YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscriber, at his offices at 1539 Health Care Dr, Rock Hill, South Carolina, 29732, within thirty (30) days after service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid judgment by default will be rendered against you for the relief demanded in the Complaint.

        **MCGOWAN HOOD FELDER & PHILLIPS, LLC**

        <u> /s/ Robert V. Phillips</u>
        Robert V. Phillips, Esq.
        1539 Health Care Drive
        Rock Hill, South Carolina 29732
        South Carolina Bar #: 68458
        T- 803.327.7800
        rphillips@mcgowanhood.com

        &

1

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

                                                            **JOYE LAW FIRM**

                                                              <u>   /s/ Mark Joye   </u>
Mark Joye, Esq.
5861 Rivers Avenue
North Charleston, South Carolina 29406
South Carolina Bar #: 13151
T- 843.508.9015
markjoye@joyelawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Rock Hill, South Carolina
December 8, 2022

2

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>Todd Eisner as the Personal Representative of the Estate of Sandra Ellen Eisner, and on behalf of the Wrongful Death Beneficiaries,<br><br>             Plaintiff,<br>   vs.<br><br>Charleston County; Charleston County Sheriff's Office; Kristin Graziano, in her official capacity as the Sheriff of Charleston County; and Alan Michael Kendall,<br><br>             Defendants. | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT<br><br>   CASE NO: 2022-CP-10-_____<br><br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, by his undersigned attorneys, alleges in his Complaint against Defendants and would respectfully show unto this Honorable Court:

1. Plaintiff Todd Eisner, a citizen and resident of Charleston County, is the duly appointed personal representative and executor of the Estate of Sandra Ellen Eisner.

2. Sandra Ellen Eisner (hereinafter "Decedent" or "Sandra") was a citizen of the State of South Carolina at the time of her death on January 3, 2021.

3. Defendants Charleston County and Charleston County Sheriff's Office (hereinafter "County" and "CCSO" respectively) are state governmental entities within the meaning of the South Carolina Tort Claims Act and are parties to this action pursuant to S.C. Code Ann. § 15-78-10, *et seq.*, from which Plaintiff may recover the damages sustained and stated herein.

4. Upon information and belief, Defendant Sheriff Kristin Graziano (hereinafter "Sheriff") is responsible for employing and supervising police persons to patrol and safeguard the

3

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

County of Charleston and is made a party to this action pursuant to S.C. Code Ann. § 15-78-10, *et seq.*, from which Plaintiff may recover the damages sustained and stated herein.

5. These "employing Defendants" are responsible for the acts and omissions for all of their employees, agents or other parties acting at their direction, whether named individually or not in this Complaint, as long as they were acting within the scope and course of their employment/agency with these employing Defendants.

6. Defendant Alan Michael Kendall (hereinafter "Deputy Kendall") was an employee of these employing Defendants and was at all times mentioned in this Complaint acting withing the scope and course of his employment with these employing Defendants and was acting under color of law.

7. Plaintiff brings this wrongful death action on behalf of Decedent's beneficiaries pursuant to Section 15-51-10 of the South Carolina Code and brings this survival action on behalf of Decedent's Estate pursuant to Section 15-5-90 of the South Carolina Code.

8. This Court has jurisdiction over the parties and matters in controversy, and venue is proper in the County of Charleston, State of South Carolina.

**FACTUAL ALLEGATIONS**

9. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

10. On January 3, 2021, Deputy Kendall was on duty and vehicle patrol for Charleston County Sheriff's Office in a neighborhood in Mount Pleasant, South Carolina.

11. At approximately 12:13 pm, a 911 call was received by Charleston County dispatch from Marquell Woodfield.

12. The caller was complaining simply that his mother and aunt were upset with him.

4

13. He was requesting an officer be sent to "*let them know what's going on with me,*" which was a completely benign call and with no indications whatsoever of violence or threats of harm or bodily injury to anyone.

14. Mr. Woodfield separated himself from his family.

15. No weapons were reported.

16. No one was reported to be in danger.

17. This call was in no way shape or form any type of an emergency or any type of situation that could in any way be equated to a "*prison riot*" where life or limb hang in the balance.

18. There was nothing in the call that required an urgent response by any officer who responded and as such nothing deprived any responding officer of forethought of the consequences of his actions in misusing his state-owned vehicle.

19. At approximately 12:18 pm, the suspect was described as a 55-year-old female wearing a "poke a dot coat."

20. At approximately 12:18 pm, Sheriff's Deputy James Thomas responds as "*en route,*" which was effectively a "Code 1" or "normal run" where an officer is required to obey all traffic laws.

21. This was an appropriate response as this Deputy knew there was no threat of harm to the complainant(s) and thus did not justify a risk of severe bodily injury or death to the general population using the public roadways by driving at an unreasonable speed and/or in a reckless manner.

22. Less than a minute later, Deputy Kendall responded he was also *en route* and without justification or exigent circumstances, chose to go "Code 3," which is an "Emergency Run."

5

23. Under a Code 3, an officer may "...*proceed past a red or stop signal or stop sign but only after slowing down as may be necessary for safe operation, [he may] exceed the maximum speed limit if he does not endanger life or property, and [he may] disregard regulations governing direction of movement or turning in specific directions*" (See S.C. Code § 56-5-760(B)); however, he must use lights and sirens and he is not relieved "*from the duty to drive with due regard for the safety of all persons.*" (See S.C. Code § 56-5-760(D))

24. This unjustified Code 3 run was the first occurrence of improper actions by these Charleston County Deputies.

25. Moments later, Deputy James Thomas, copies and acknowledges Deputy Kendall's Code 3.

26. To any Deputy, any supervisor or other employee of the Charleston County who heard and was aware that Defendant Deputy Kendall was running a Code 3 for a call for service where there was simply a verbal argument and the 'suspect' was described as "a 55-year-old female wearing a 'poke a dot coat,'" they had a duty and an obligation to immediately call Defendant Deputy Kendall back down off his Code 3 run as this was a completely unnecessary risk of harm to the general public.

27. Every employee who became aware of Defendant Deputy Kendall's Code 3 run and then failed to act was a separate act and/or failure on their part to prevent this improper use of Deputy Kendall's vehicle.

28. Approximately one minute later, a third Sheriff's Deputy responded as *en route*, which was even more evidence that this was not an emergency or "prison riot" type of situation that required the incredibly dangerous use of Deputy Kendall's vehicle.

29. Deputy Kendall then exited the Mount Pleasant neighborhood he was in at the time and made a right on Six Mile Road, a residential street with a 35-mph speed limit.

30. Deputy Kendall immediately began driving at an excessive speed, up to 85 mph, mostly while in the center turning lane of Six Mile Road.

31. Within 20 seconds of turning right onto US Highway 17 North, Deputy Kendall's speed exceeded 100 mph as he weaved around heavy traffic and between lanes, punching his gas pedal at every opportunity to go even faster.

32. At approximately 12:20 pm, dispatch confirms no alcohol or drugs are involved, no one is reported to be in danger, and no one needs medical attention.

33. However, Deputy Kendall continues to accelerate and becomes frustrated that other motorists are not moving out of his way fast enough.

34. With supervisors and other employees of the employing Defendants monitoring the information that was clearly showing this should not be a Code 3 response, no one adjusts the Code level or tells Deputy Kendall to back down.

35. Each and every act and omission from each of the employees who were aware of Deputy Kendall continuing this outrageous Code 3, was another separate occurrence in their failure to take action.

36. Meanwhile, the vehicle in which Decedent was a passenger had stopped at a stop sign located on Beehive Road and US Highway 17 in Mount Pleasant, all in the County of Charleston and in the State of South Carolina.

37. The driver of Decedent's vehicle proceeded into the intersection attempting to make a left-hand turn onto US Highway 17 South.

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

38.     Deputy Kendall was approaching the intersection with Beehive Road, now at 130 mph and still accelerating.

39.     At approximately 12:23 pm, Deputy Kendall swerved to the left towards Decedent's vehicle, which had reached the median, and crashed into Decedent, causing Decedent's death and the death of the driver of the vehicle in which she was a passenger.

40.     This swerving into the vehicle in which the Decedent was a passenger was also a separate and distinct occurrence.

41.     At all times mentioned herein, Deputy Kendall was an agent, servant, and/or employee of the employing Defendants, acting within the course and scope of his employment and under the color of state law.

42.     At all times mentioned herein, all employees of the employing Defendants who were aware of Deputy Kendall's Code 3 run yet failed to act were agents, servants, and/or employees of the employing Defendants, all acting within the course and scope of their respective employment and under the color of state law.

43.     The employing Defendants and employees and agents of the employing Defendants who were responsible for the training of Charleston County Deputies on the safe and proper use of their vehicles and for the enforcement of said training, policies and procedures regarding the safe and proper use of their vehicles were all acting within the course and scope of their respective employment and under the color of state law.

44.     All of these persons responsible for the training of Charleston County Deputies on the safe and proper use of their vehicles and for the enforcement of said training, policies and procedures regarding the safe and proper use of their vehicles failed to perform these duties, these

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

failures were the direct and proximate cause of the Decedent's loses and each of these failures to train, supervise and enforce were each additional occurrences.

45.     At all times relevant hereto, Defendants were acting by and through their employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, apparent agency, negligent entrustment, negligent hiring, training, and supervision, retention, violations of civil rights or similar theory of law.

## FOR A FIRST CAUSE OF ACTION
### (Negligence of Deputy Kendall & Other Deputies)

46.     All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

47.     At all times material hereto, Defendants, by and through Deputy Kendall, had a duty to operate the police vehicle in a safe and prudent manner and to avoid injuring other motorists, including Plaintiff's Decedent.

48.     At the time of the collision, Deputy Kendall failed to exercise due care by driving the police vehicle negligently, grossly negligently and recklessly/carelessly, failing to observe the vehicles ahead, failing to apply the brakes, and driving in an otherwise reckless manner.

49.     Defendants, their employees and/or agents, by acts or omissions, were negligent, negligent *per se*, grossly negligent, careless or reckless in at least one of the following particulars:

  a. Operating a motor vehicle with negligent, grossly negligent and reckless disregard for the rights and safety of other motorists and in particular the rights and safety of Plaintiff's Decedent;

  b. Failing to keep his police vehicle under control;

  c. Failing to keep a lookout so as to be able to avoid colliding with other motor vehicles lawfully using the highway;

9

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

d. Failing to timely apply his brakes, alter direction of travel, sound his horn, or take any other appropriate action when he, by exercise of due and reasonable care, should have seen the vehicle in front of him;

e. In driving a motor vehicle in such a manner as to indicate either a willful or wanton disregard for the rights and safety of other persons lawfully using the highway, and in particular, the rights and safety of Plaintiff;

f. Failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

g. Failing to operate the police vehicle in a lawful manner;

h. Failing to maintain a lawful speed;

i. Failing to use due care;

j. Failing to observe the road and traffic conditions;

k. Driving while distracted;

l. Failing to keep a safe distance from the vehicles in front of him;

m. Exceeding the maximum speed limit to such a degree so as to endanger life or property;

n. Failing to comply with and follow the rules and regulations of CCSO;

o. Violating the safety rules that apply;

p. Violating the laws, statutes and ordinances, including, but not limited to, those as follows: S.C. Code Ann. § 1520;

q. Violating federal, state and industry safety rules;

r. Failing to call Deputy Kendall back down off his Code 3 run on numerous occasions and by numerous employees of the employing Defendants;

s. And for such other and further reasons that the evidence may show at the trial of this case.

50. All of the above-referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina, as well as the Defendants' obligations and duties to Decedent.

51. As a direct, foreseeable and proximate result of the negligent, grossly negligent, reckless, willful and/or wanton acts and/or omissions of Deputy Kendall and other employees of the employing Defendants, Decedent suffered physical pain and physical harm.

52. As a direct, foreseeable and proximate result of the negligent, grossly negligent, reckless, willful and/or wanton acts and/or omissions of Deputy Kendall and other employees, Decedent suffered conscious physical harm and injury, and endured pain and suffering, including mental distress, emotional anguish and death.

53. Due to the willful, wanton, reckless, grossly negligent and negligent acts of Deputy Kendall and other employees of these Defendants as set forth above, Plaintiff is entitled to recover actual damages from Defendants as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training, Supervision, and Retention Against Charleston County, Sheriff Graziano and Charleston County Sheriff's Office aka 'Employing Defendants')**

54. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

55. Upon information and belief, Defendants Charleston County, Charleston County Sheriff's Office, and Sheriff Graziano (employing Defendants) owed statutory and common law duties to the public at large, and to Decedent in particular, to refrain from negligently hiring, training, supervising, and/or retaining employees.

56. Upon information and belief, Defendants Charleston County, Charleston County Sheriff's Office, and Sheriff Graziano had a duty to use reasonable care to promulgate, enforce, and ensure that proper safety rules, laws, regulations, policies, and procedures were in place for hiring and retaining safe, qualified officers to protect the motoring public and negligently failed to do so.

57. Defendants Charleston County, Charleston County Sheriff's Office, and Sheriff Graziano were required to teach, train, and supervise Deputy Kendall and the other employees who failed to tell Defendant Kendall to back off the Code 3, so that they were able to understand and obey the safety rules, regulations, laws, policies, and procedures.

58. Defendants Charleston County, Charleston County Sheriff's Office, and Sheriff Graziano, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, that Deputy Kendall, as well as other employees, were unqualified, unsupervised, and/or needed additional training.

59. Defendants Charleston County, Charleston County Sheriff's Office, and Sheriff Graziano, their employees and/or agents, by their acts or omissions, were negligent, negligent *per se*, careless or reckless in at least one of the following particulars:

   a. In hiring Deputy Kendall and the Deputies/employees referred to above;

   b. In failing to properly train these Deputies;

   c. In failing to properly supervise these Deputies;

   d. In retaining these Deputies;

   e. In failing to enact rules and policies to protect the safety of innocent motorists during the operation of a motor vehicle;

   f. In failing to enforce its own rules and policies regarding the operation of a motor vehicle;

   g. In entrusting a motor vehicle to Deputy Kendall;

   h. In failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving;

   i. In failing to enact rules and policies to properly investigate applicants;

   j. In failing to enact rules and policies regarding the hiring, training, retention, and supervision of deputies;

   k. In failing to enforce the rules, regulations, laws, and policies regarding hiring, training, retention, and supervision of deputies;

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

l.  In the negligent hiring, training, retention, and supervision of Deputy Howard and other deputies who failed to back down Deputy Kendall off his improper Code 3;

m.  In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

n.  In failing to exercise that degree of care which a reasonable and prudent law enforcement office would have exercised under the same or similar circumstances;

o.  And such other and further reasons that the evidence may show at trial of this case.

60. As a direct, foreseeable and proximate result of the negligent, grossly negligent, reckless, willful and/or wanton acts and/or omissions of these employing Defendants, Decedent suffered physical pain and physical harm.

61. As a direct, foreseeable and proximate result of the negligent, grossly negligent, reckless, willful and/or wanton acts and/or omissions of these employing Defendants, Decedent suffered conscious physical harm and injury, and endured pain and suffering, including mental distress, emotional anguish and death.

62. Due to the willful, wanton, reckless, grossly negligent and negligent acts of these employing Defendants, Plaintiff is entitled to recover actual damages from Defendants as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Violation of Decedent's Civil Rights by Deputy Kendall)**

63. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

64. Decedent was deprived of rights, privileges, and immunities safeguarded by the Fourteenth Amendment by Deputy Kendall, particularly her right to be free from the government depriving individuals of their lives, liberty, or property without due process of law.

65. Deputy Kendall drove in a manner that exhibited a conscience-shocking deliberate indifference to the lives of those around him.

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

66.     The speed Deputy Kendall chose to reach (while still accelerating) made it impossible for Deputy Kendall to do something as simple as swerve to the left when it became apparent that Decedent had reached the median.

67.     Deputy Kendall's decision to accelerate to 130-mph (while still accelerating to go even faster) on a roadway lined with residential homes, churches, and intersecting streets was an intentional act that he knew or certainly should have known would lead to harm.

68.     Deputy Kendall intentionally steered his vehicle away from the path forward and directly into the path of Decedent causing the violent collision in the median of US Highway 17.

69.     As a direct and proximate result of Deputy Kendall driving in a manner that exhibits a conscience-shocking deliberate indifference to the lives of those around him, Decedent was killed.

70.     As a direct and proximate result of Deputy Kendall's violation of Decedent's constitutionally protected rights, Plaintiff is entitled to recovery actual and punitive damages from Defendant Kendall as determined by a jury.

**FOR A FOURTH CAUSE OF ACTION**
**(Survival Action Against all Defendants)**

71.     All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

72.     As a result of the above referenced acts, Decedent sustained serious injuries ultimately causing her death.

73.     Pursuant to the South Carolina Survival Act, Plaintiff is entitled to bring all of the above-refenced and foregoing causes of action as the duly appointed Personal Representative of the Estate of Sandra Eisner.

74. Plaintiff alleges that as a result of the above-referenced acts, Decedent suffered conscious pain and suffering, personal injuries and trauma prior to her death, funeral expenses, and other compensatory damages, and is entitled to punitive damages in an amount to be determined by a jury.

75. All of the above-referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina and United States Constitution, and Defendants' obligations and duties to Decedent.

76. Each of these acts and/or omissions and/or commissions proximately caused Decedent's injures and death.

**FOR A FIFTH CAUSE OF ACTION**
**(Wrongful Death Action Against all Defendants)**

77. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

78. The above-referenced acts/or omissions and/or commissions proximately caused Decedent's wrongful death.

79. Pursuant to the South Carolina Wrongful Death Act, Plaintiff alleged entitlement to all of the above-referenced and foregoing causes of action.

80. All of the above-referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina and United States Constitution, and Defendants' obligations and duties to Decedent.

81. Each of these acts and/or omissions and/or commissions proximately caused Decedent's injures and death.

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

## DAMAGES

82. As a direct and proximate result of the aforesaid wrongful conduct, Decedent sustained injuries to various parts of her body, including but not limited to internal organs, suffered conscious pain and suffering, incurred medical bills, died and incurred funeral expenses.

83. As a direct and proximate result of Defendants' aforesaid wrongful conduct, Decedent met an untimely death depriving her statutory beneficiaries of her companionship, care, protection, assistance, society, love, guidance, support and affection.

84. As a direct and proximate result of Defendants' aforesaid wrongful conduct, Decedent's estate and the statutory beneficiaries suffered both economic and non-economic losses, emotional distress and other compensable damages.

**WHEREFORE**, pursuant to the Wrongful Death and Survival statutes, as well as the common law, other applicable statutes and the United States Constitution, Plaintiff, on behalf of Decedent's estate and statutory beneficiaries, prays for judgment against Defendants jointly and severally for all damages, special damages and consequential damages, and punitive damages (at this time, punitive damages are only sought against Deputy Kendall for his violation of the United States Constitution) in an amount to be determined by a jury; for the costs of this action; and for such further relief as may be just and proper.

                                            **MCGOWAN HOOD FELDER & PHILLIPS, LLC**

                                            /s/ Robert V. Phillips
                                            Robert V. Phillips, Esq.
                                            1539 Health Care Drive
                                            Rock Hill, South Carolina 29732
                                            South Carolina Bar #: 68458
                                            T- 803.327.7800
                                            rphillips@mcgowanhood.com

                                                          &

ELECTRONICALLY FILED - 2022 Dec 08 12:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005649

       **JOYE LAW FIRM**

        /s/ Mark Joye
       Mark Joye, Esq.
       5861 Rivers Avenue
       North Charleston, South Carolina 29406
       South Carolina Bar #: 13151
       T- 843.508.9015
       markjoye@joyelawfirm.com

       **ATTORNEYS FOR PLAINTIFF**

Rock Hill, South Carolina
December 8, 2022

17