UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Todd Eisner as the Personal Representative of the Estate of Sandra Ellen Eisner, and on behalf of the Wrongful Death Beneficiaries,<br><br>Plaintiff,<br><br>Versus<br><br>Charleston County, Charleston County Sheriff's Office, Kristin Graziano, in her official capacity as the Sheriff of Charleston County; and Alan Michael Kendall,<br><br>Defendants. | C/A No. 2:23-cv-217-RMG<br><br>**DEFENDANTS CHARLESTON COUNTY, CHARLESTON COUNTY SHERIFF'S OFFICE, AND KRISTIN GRAZIANO'S ANSWERS TO LOCAL RULE 26.03 DISCLOSURES** |

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court, District of South Carolina, the Defendants, Charleston County, Charleston County Sheriff's Office, and Kristin Graziano, in her official capacity as the Sheriff of Charleston County (hereinafter "these Defendants"), by their undersigned attorneys, provides the answers to Local Rule 26.03 Disclosures as follows:

(1) A statement of the facts of the case.

**ANSWER: The Plaintiff asserts survival and wrongful death claims against these Defendants for alleged negligence related to an incident that occurred on or about January 3, 2021 when the driver of the vehicle in which decedent was a passenger turned in front of Defendant Michael Kendall, a Charleston County deputy, on Highway 17 in Charleston County, South Carolina, resulting in a collision that was fatal for Ms. Eisner. The Plaintiff's Complaint alleges negligence, negligent hiring, negligent supervision, negligent retention and Section 1983 claims for violations of the decedent's constitutional rights. These Defendants deny the Plaintiff's allegations.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER: These Defendants have not determined the exact name and number of fact witnesses it will call in this matter. Subject to its reservation of rights to supplement this disclosure, these Defendants identify the following likely witnesses at this time:**

- **A) Todd Eisner - Mr. Eisner is the Plaintiff and the Personal Representative of the estate of the decedent. He is expected to testify about the decedent and any knowledge of the facts and circumstances surrounding the incident.**

- **B) Deputy Michael Kendall – Mr. Kendall is a deputy with the Charleston County Sheriff's Office and was so at the time of the events alleged in Plaintiff's Complaint. He is expected to testify as to the facts and circumstances surrounding the incident.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER: These Defendants intend to call expert witnesses at the trial of this case. No experts have been retained at this early stage of the litigation. These Defendants will disclose their experts and serve expert reports in accordance with the amended scheduling order in this case.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER: In furtherance of defending the Plaintiff's claims asserted in these Defendants' Answer, these Defendants rely on the following affirmative defenses at this time:**

- **A) No Proximate Cause: Bishop v. South Carolina Dep't of Mental Health, 331 S.C. 79, 502 S.E.2d 78 (1998); Small v. Pioneer Machinery, Inc., 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); Wallace v. Owens-Illinois, Inc., 300 S.C. 518, 389 S.E.2d 155 (Ct. App. 1989).**

- **B) No Breach: These Defendants did not breach any purported duty owed to the Plaintiff so as to bar the Plaintiff from recovery against these Defendants.**

- C) **Comparative Negligence:** Ervin v. Continental Conveyor & Equip. Co. Inc., 674 F. Supp. 2d 709 (D.S.C. 2009).

- D) **Lack of Foreseeability:** These Defendants could not have foreseen that Plaintiff's damages, if any, could have proximately resulted from these Defendants' acts or omissions. Bray v. Marathon Corp., 356 S.C. 111, 116-17, 588 S.E.2d 93, 95 (2003); Koester v. Carolina Rental Ctr., Inc., 313 S.C. 490, 443 S.E.2d 392 (1994); Trivelas v. S.C. Dep't of Transp., 348 S.C. 125, 558 S.E.2d 271 (Ct. App. 2001); Small v. Pioneer Mach., Inc., 329 S.C. 448, 463, 494 S.E.2d 835, 842 (Ct. App. 1997).

- E) **Governmental Immunity/South Carolina Tort Claims Act:** This action is governed by the terms, provisions and affirmative defenses set forth in the South Carolina Tort Claims Act which inter alia provide a limit on the amount of actual damages that can be recovered, a prohibition on the recovery of punitive damages and these Defendants plead these limitations as a cap on actual damages and a bar to any punitive damages. S.C. Code Ann. § 15-78-120.

- F) **Limitation of Remedies-Tort Claims Act:** Any recovery by the Plaintiff must be limited to the remedies allowed under the South Carolina Tort Claims Act, including, but not limited to, S.C. Code Ann. §§ 15-78-120(a)(1) and 15-78-120(b).

- G) **Sole Remedy-Tort Claims Act:** The Plaintiff's exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty is the South Carolina Tort Claims Act, and any claims asserted by Plaintiff not in compliance therewith must be dismissed.

- H) **Reservation and Non-Waiver:** These Defendants reserve any and all further defenses that may be revealed by additional information during the course of discovery investigation, and as is consistent with the Federal Rules of Civil Procedure, including the right to name third-party defendants.

- I) **No Constitutional Violation:** These Defendants assert that its actions did not violate the Plaintiff's clearly established Constitutional rights as set forth in the Fourth, Fifth, Eighth and Fourteenth Amendments.

- J) **Reasonableness and Good Faith:** These Defendants assert as an affirmative defense that these Defendants acted reasonably and in good faith at all times material herein, based on the material facts and circumstances known by these Defendants. The defense will be supported by the records and testimony of witnesses. Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co., No. 6:03-cv-02311-RBH, 2006 U.S. Dist. LEXIS 85755 (D.S.C. Nov 27, 2006).

K) **Limitation on Punitives / Right to Bifurcate:** Any punitive damages awarded in this case would be subject to the limitations as described in S.C. Code §15-32-530 and these Defendants reserve the right to Bifurcate the trial of the case.

L) **Eleventh Amendment Immunity/Sovereign Immunity Pursuant to the Tort Claims Act:** Suits against officials acting within their official capacities are actually against the office/agency itself and therefore against the State, barring the suit. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989).

(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02:

    (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    (b) Completion of discovery.

**ANSWER:** **The parties have proposed an amended scheduling order setting the deadline for Plaintiff to disclose experts as August 25, 2023. Defendants' proposed deadline to disclose experts is September 26, 2023. Discovery is proposed to be completed by October 24, 2023.**

(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

**ANSWER:** **None known at this time.**

(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:** **None known at this time.**

**These Defendants specifically reserve the right to supplement and/or change its Answers to these Interrogatories as discovery progresses in this case.**

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
Email: Info@hoodlaw.com

**March 1, 2023**
Charleston, South Carolina

*/s/ Elloree A. Ganes*
Elloree A. Ganes (FED #9022)
Elloree.ganes@hoodlaw.com
Evan M. Sobocinski (FED #13175)
evan.sobocinski@hoodlaw.com

*Attorneys for the Defendants*
*Charleston County, Charleston County Sheriff's Office, and Kristin Graziano, in her official capacity as the Sheriff of Charleston County*